**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:

CASE NO: 3-17-BK-01853

Warren J. Bacon and
Valerie J. Sessions

Debtors.

_____

## CHAPTER 13 PLAN

**CHECK ONE:**

_____  Debtor[1] certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

_____X_____  The Plan contains provisions that are specific to this Plan in paragraph 9, Nonconforming Provisions. Any nonconforming provision not set forth in paragraph 9 is deemed stricken.

1. **MONTHLY PLAN PAYMENTS.** Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of 60 months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the plan and may cause an increased distribution to the unsecured class of creditors.

   A. $2,151.00 from month 1 through 60.
   B. $_____ from month _____ through _____.
   C. $_____ from month _____ through _____.

   To pay the following creditors:

2. **ADMINISTRATIVE ATTORNEY'S FEES.**

   Base Fees:                $6,850.00
   Total Paid Pre-petition:  $2,020.00
   Balance Due:              $4,830.00

   Estimated Additional Fees Subject to Court Approval: $0.00

   Attorney's Fees Payable through Plan $_____ Monthly (subject to adjustment).

---

[1]. All references to "Debtor" include and refer to both of the Debtors in a case filed jointly by two individuals.

3. **PRIORITY CLAIMS (As defined in 11 U.S.C. § 507).**

| Last Four Digits of Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
| | | |
| | | |

4. **TRUSTEE FEES.** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

5. **SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments.

   **(A)** **Claims Secured by Real Property Which Debtor Intends to Retain/Mortgage Payments and Arrears, if any, Paid through the Plan.** If the Plan provides to cure pre-petition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

   **(B)** **Claims Secured by Real Property / Debtor Intends to Seek Mortgage Modification.** If Debtor is successful in obtaining a mortgage modification at any time during the case, payments on the modified mortgage shall be paid through the Plan. Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of the gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowner association fees), or the normal monthly contractual mortgage payment, or (2) for *non-homestead*, income producing property, 75% of the gross rental income generated from the property:

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Payment Amount |
|---|---|---|---|
| 9203 | Seterus, Inc. | 1245/1255 Begonia Street Atlantic Beach, FL 32233 | $1,100.00 |
| | | | |

**(C)** **Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES.** Under 11 U.S.C. § 1322 (b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. A separate motion to determine secured status or to value the collateral must be filed. The secured portion of the claim, estimated below, shall be paid:

| Last Four Digits of Acct. No. | Creditor | Collateral Descrip. / Address | Claim Amount | Value | Payment | Interest Rate |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

**(D)** **Claims Secured by Real Property and / or Personal Property to Which Section 506 Valuation DOES NOT APPLY.** Claims of the following secured creditors shall be paid in full with interest:

| Last Four Digit of Acct. No. | Creditor | Collateral Description / Address | Claim Amount | Payment | Interest Rate |
|---|---|---|---|---|---|
| 6527 | Compass Bank | 1245/1255 Begonia Street Atlantic Beach, FL 32233 | $39,941.00 | $717.69 | 3% |
|  |  |  |  |  |  |

**(E)** **Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearage, if any, with All Payments in Plan.**

| Last Four Digits of Acct. No. | Creditor | Collateral Description | Regular Payment | Arrearage |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**(F)** **Secured Claims / Lease Claims Paid Directly by Debtor.** The following secured claims / lease claims are being made via automatic debit / draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit / draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. (Note: The Plan must provide for the assumption of lease claims that Debtor proposes to pay directly in the Lease / Executory Contract Section 6 below).

| Last Four Digits of Acct. No. | Creditor | Property / Collateral |
|---|---|---|
| | | |
| | | |

**(G)** **Liens to be Avoided pursuant to 11 U.S.C. § 522 / Stripped Off pursuant to 11 U.S.C. § 506.** A separate motion to avoid a lien under § 522 or to determine secured status and to strip a lien under § 506 must be filed:

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address |
|---|---|---|
| | | |
| | | |

**(H)** **Surrender of Collateral / Leased Property.** Debtor will surrender the following collateral / leased property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. (Note: The Plan must provide for the rejection of these claims in the Lease / Executory Contract section below).

| Last Four Digits of Acct. No. | Creditor | Property / Collateral to be Surrendered |
|---|---|---|
| | | |
| | | |

**(I)** **Other Secured Claims.** Debtor does not intend to make payments to the following secured creditors. The automatic stay is terminated in rem as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors. Debtor's state law contract rights and defenses are neither terminated nor abrogated.

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address |
|---|---|---|
| | | |
| | | |

6. **LEASES / EXECUTORY CONTRACTS:**

| Last Four Digits of Acct. No. | Creditor | Property | Assume / Reject Surrender | Estimated Arrears |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

7. **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than unknown.

8. **ADDITIONAL PROVISIONS.**

   (A)   Unless otherwise ordered, secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims.

   (B)   Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

   (C)   Property of the estate (check one) *

      (1)   ___X____   shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise, or

      (2)   _____ shall vest in Debtor upon confirmation of the Plan.

      *   If Debtor fails to check (1) or (2) above, or if Debtor checks both (1) and (2), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

   (D)   The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and / or the proofs of claim as filed and allowed. The Trustee shall only pay creditors with filed and allowed proof of claims. An allowed proof of claim shall control, unless the Court orders otherwise.

   (E)   The Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan shall control prior to confirmation, after which time the Order Confirming Plan shall control.

   (F)   Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect). For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall spend**

**no tax refunds without first having obtained the Trustee's consent or court approval.**

9. **<u>NONCONFORMING PROVISIONS:</u>**

Please see the attached SUMMARY/ESTIMATE OF ANTICIPATED DISTRIBUTION

Payments made timely to the Trustee will be deemed timely to all creditors.

If the Debtor has surrendered collateral securing a debt to the creditor and the creditor is entitled to file a deficiency claim, said claim must be filed within 90 days of the date of the Order Confirming Chapter 13 Plan.

If this plan is confirmed as a 100% plan pursuant to 11 USC §1325(b)(1)(A). Any future modification under 11 U.S.C. §1329(a)(1) to decrease the distribution to the unsecured class will require retroactive compliance with 11 U.S.C. §1325(b)(1)(B).

*/s/ Warren J. Bacon*
Warren J. Bacon, Debtor                                             Dated: 6/19/2017


*/s/ Valerie J. Sessions*
Valerie J. Sessions, Debtor                                          Dated: 6/19/2017

**SUMMARY/ESTIMATE OF ANTICIPATED DISTRIBUTION**

**Administrative Attorney's Fees**

| | | | |
|---|---|---|---|
| Pinkston & Pinkston, P.A<br>Ch 13 Fee | Total Claim<br>$1,480.00 | Monthly Pmt.<br>$41.11<br>$0.00 | Number of Months<br>1-36<br>37-60 |
| Pinkston & Pinkston, P.A<br>MMM Fee | Total Claim<br>$1,850.00 | Monthly Pmt.<br>$51.39<br>$0.00 | Number of Months<br>1-36<br>37-60 |
| Pinkston & Pinkston, P.A<br>Admin Fee | Total Claim<br>$1,500.00 | Monthly Pmt.<br>$25.00 | Number of Months<br>1-60 |

**CERTIFICATE OF SERVICE**

COME NOW, the Debtor and file this certification that a copy of the Chapter 13 Plan filed in this case has been furnished to all interested parties listed on the attached mailing matrix (a copy of the mailing matrix will not be furnished to all parties) this 19th day of June, 2017.

PINKSTON & PINKSTON, P.A.

*/s/ David J. Pinkston*
David J. Pinkston
Florida Bar # 0985619
Post Office Box 4608
Jacksonville, Florida 32201
904/389-5880; Fax 904/389-9957
Attorney for Debtors

*uniform plan 9/1/2016*